**FILED**

February 27, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Breanna Coldewey_
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARY LOUISE G. DAVILA A/K/A** | § | **IN THE DISTRICT COURT** |
| **MARY LOUISE DAVILA** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 5:22 CV-01123-OLG** |
| | § | |
| **99 CENTS ONLY STORES, LLC, 99 CENTS** | § | |
| **ONLY STORES TEXAS, INC.** | § | |

**PLAINTIFF'S FIRST AMENDED
ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARY LOUISE DAVILA, Plaintiff in the above-styled and numbered cause, and files this Plaintiffs Original Petition, complaining of and about 99 CENTS ONLY STORES, LLC, 99 CENTS ONLY STORES, TEXAS, INC., hereinafter called Defendants, and for cause of action show unto the Court the following.

**I.**

**Discovery Control Plan**

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**II.**

**Jurisdiction and Venue**

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas. Tex.Civ.Prac. & Rem. Code §15.002(a)(l).

## III.

### Amount in Controversy

3.      The amount in controversy far exceeds the minimal jurisdictional limits of this court and

damages exceed $250,000.00, but not more than $1,000,000.00, including damages of any kind,

penalties, court costs, expenses, pre-judgment interest and attorney's fees.

## IV.

### Parties

4.      Plaintiff, MARY LOUISE DAVILA, is an individual residing in San Antonio, Bexar

County, Texas. The last three digits of Plaintiffs driver's license no. are 280, and the last four

digits of her social security number are xxx-xx-6055.

5.      Defendant, 99 Cents Only Stores LLC, (hereinafter 11Defendant"), is a California

corporation engaged in business in Bexar County, Texas. Service of process has already been

effectuated and an answer filed; therefore, no further service is necessary at this time.

6.      Defendant, 99 Cents Only Stores Texas, Inc., (hereinafter "Defendant11), is a Delaware

corporation authorized to and doing business in Bexar County, Texas. Service of process has

already been effectuated and an answer filed; therefore, no further service is necessary at this

time.

## V.

### Facts

7.      Defendants are retailers of consumable general merchandise and seasonal products in

California and the Southwestern United States; specifically, Texas. The company operates local

stores in Bexar County, Texas, wherein they offer consumer items in various categories;

including, food, beverages, health, beauty care and household products at lower prices.

8.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about November 4, 2020. At that time, Plaintiff was an invitee at Defendants' store, located at 3025 West Avenue, San Antonio, Texas 78201. Defendants are operating the store as 99 Cents Only Store #2849. Plaintiff was shopping in the Defendants' store when she slipped and fell on produce littering the premise floor. The slip and fall caused the Plaintiff to suffer severe injuries to multiple parts of her body.  No employee of Defendant's warned her of the dangerous condition prior to its occurrence.  There were no warning signs present prior to the occurrence, or any other signs of caution near the area where the incident occurred.  Plaintiff was not aware of the dangerous condition.

9.     At the time of the incident in question, Plaintiff was an invitee of the Defendants. Defendants knew or should have known of the unreasonably dangerous condition of their premises and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendants either created the condition and/or failed to correct the condition or warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiffs resulting injuries.

10.     Plaintiff would show that, based on the above-described facts, Defendants were negligent. Defendants, as occupier and owner of the premises, with control over the premises, had a duty to either warn Plaintiff of the dangerous condition or make safe the defective condition existing on Defendants' premises.

11.     Defendants are liable to Plaintiff under the theory of premises liability and negligence.

Such conduct includes, but is not limited to, the following:

a. Failure to maintain the premises in a timely manner, including the floor and walkways, in a reasonably safe condition;

b. Failure to properly inspect the premises in a timely manner where the dangerous condition existed;

c. Failure to timely correct the condition by taking reasonable measures to safeguard customers who entered the premises;

d. Failure to inform Plaintiff of the dangerous condition existing on the premises;

e. Failure to staff a sufficient number of employees to police the store premises for unsafe conditions which could potentially harm store business invitees;

f. Failure to properly train employees in the inspection of the premises, floors, walkways and produce bins/shelves, so as to safeguard business invitees from injury;

g. Failure to properly train employees in the cleaning of the premises, floors, walkways and produce bins/shelves, so as to safeguard business invitees from injury;

h. Failure to properly and timely report unsafe conditions regarding the premises, floors, walkways and produce bins/shelves, so as to safeguard business invitees from injury;

i. Failure of management to properly and timely address employees' concerns regarding the safety and cleanliness of the premises, floors, walkways and produce bins/shelves, so as to safeguard business invitees from injury;

4

j.      Placing produce bins in or near high traffic areas which increases the likelihood of

injury;

k.      Failure to display merchandise/produce in a way that will not be prone to falling

and littering the floor; thereby, posing a hazard;

l.      Failure to address employees' concerns regarding staffing ratios for the premises;

m.      Failure to place the produce bins/display in an area that would allow for easy

inspection;

n.      Failure to properly clean mats on a regular basis; and

o.      Failure to follow store policies/procedures in the timely and proper method of

inspecting and cleaning the store premises.

12.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any

combination, was a proximate cause of Plaintiffs injuries and damages that are described below.

## VI.

13.     At all times material hereto, Defendants were acting by and through their employees,

committing acts of both commission and omission, as set forth in paragraph number 13 (a - o)

enumerated above. As a result, Defendants are responsible for the acts of their employees under

the theory of respondeat superior.

## VII.

## Damages

14.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

15.     By virtue of the actions and conduct of Defendants as set forth above, Plaintiff was

seriously injured and is entitled to recover the following damages:

a.      Past and future medical expenses;

b.      Past and future pain, suffering and mental anguish;

c.      Past and future physical impairment; and

d.      Past and future physical disfigurement.

16.     By reason of the above, Plaintiff is entitled to recover damages from Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## VIII.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein that upon final recovery, Plaintiff have judgment of and from these Defendants, for all of his damages in an amount not to exceed $1,000,000.00, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate from date of judgment until paid, all costs of court, and for such other and further relief to which Plaintiff may be justly entitled, either at law or in equity.

Respectfully submitted,

**BROCK & BROCK, P.C.**
803 E. Mistletoe
San Antonio, Texas 78212
Telephone: (210) 733-6666
Telecopier: (210) 733-6893

BY:   *Karl B. Brock*
        KARL B. BROCK
        State Bar No. 03044150
        Email: karlb@brockandbrock.com

ATTORNEYS FOR PLAINTIFF